# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### DIVISION

| | | |
|---|---|---|
| **Sonya Medina,** | § | |
| *Movant* | § | |
| | § | |
| **v.** | § | **No.  1-22-CV-498-LY** |
| | § | |
| **John H. Schnatter,** | § | |
| *Respondent* | § | |
| | § | |

## ORDER

Before the Court is Movant Sonya Medina's motion to quash, Dkt.1; and all related briefing. For the reasons discussed below, the Court will deny Medina's motion.

## I.      BACKGROUND

This motion to quash arises out of the issuance of a deposition subpoena to movant Sonya Medina in *Schnatter v. 247 Group et al.*, No. 3:20-cv-00003 (W.D. Ky.) (the "Kentucky Lawsuit"). Dkts. 1; 1-3. In the Kentucky Lawsuit, Respondent brings four causes of action against Defendants 247 Group, LLC d/b/a Laundry Service and Wasserman Media Group, LLC (collectively "Laundry Service") for certain contractual and common law violations based on the allegedly improper public disclosure of a private conference call in which Schnatter used a racial slur. *See* Dkt. 1-5. In the Kentucky Lawsuit, the parties are in the process of briefing similar discovery disputes regarding deposition subpoenas issued to certain Papa John's employees, including the former chair of the Papa John's board of directors. *See Schnatter*, No. 3:20-cv-00003, ECF 201.

1

Medina moved to quash the deposition subpoena issued to her, arguing that compliance would be unduly burdensome upon her, and that the information Schnatter seeks from her is both irrelevant to his claims in the Kentucky Lawsuit, and cumulative in light of other documents and testimony already produced there. *See* Dkt. 1. Schnatter responds that he seeks deposition testimony from Medina to prove the causation and damages elements of his claims in the Kentucky Lawsuit by showing that his ousting from Papa John's—which included his resignation as chair of the board and the termination his founder's and licensing agreements with the pizza chain—resulted from the improper leak of the telephone conference call. Dkts. 14, at 6-7; 15, at 3-4; 19. The discovery dispute here thus focuses on whether the deposition testimony sought from Medina (a board member during the relevant time frame) is relevant, and not unduly cumulative or burdensome on her. *See* Dkts. 1; 3-2; 13-2.

The Court held a hearing on the motion to quash, *see* Dkt. 19, and will address the parties' arguments on each of the disputed issues below.

## II.    LEGAL STANDARD

"The scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (citing Fed. R. Civ. P. 26(b)(1)). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "Once the

party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Allen v. Priority Energy Servs., L.L.C.*, No. MO16CV00047DAEDC, 2017 WL 7789280, at *1 (W.D. Tex. Jan. 30, 2017) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).

A court must quash or modify a subpoena that subjects a person to an undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendment (In Rule 45, "'person' is substituted for 'party' because the subpoena may be directed to a nonparty."). As with any other forms of discovery, the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b). *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 607 (W.D. Tex. 2019). To determine whether the subpoena presents an undue burden, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1); *see also Wiwa*, 392 F.3d at 818.

Further, "if the person to whom the document request is made is a non party, the court may also consider the expense and inconvenience to the non party." *Id.* While Rule 45(d)(1) affords non-parties greater protection in terms of the burden that can be imposed upon them, the quashing of a subpoena is nonetheless considered an extraordinary measure that is usually inappropriate absent extraordinary

circumstances. *See* Fed. R. Civ. P. 45(d)(1); *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979).

## III.    ANALYSIS

Medina asks the Court to quash the subpoena issued to her pursuant to Federal Rule of Procedure 45(d). Dkt. 1, at 2. Medina asserts that the evidence sought from her is not relevant to the claims in the Kentucky Lawsuit and can be obtained from other sources such as the documents Papa John's already produced in that case, and depositions from other Papa John's employees. *See* Dkts. 1; 14; 15; 19.  Moreover, Medina argues that the subpoena places an undue burden upon her because she believes Schnatter seeks to depose her as "retaliation" for her role in supporting his ouster from the Papa John's board of directors. *See id.* Schnatter, on the other hand, insists that the testimony he seeks from Medina is relevant, not cumulative, and does not present an undue burden given that Papa John's will cover any legal expenses Medina incurs in connection with the deposition, along with Schnatter's representations that the deposition would not be lengthy, and would be taken in a location of Medina's choosing. *See* Dkts. 15; 16; 19.

### A.    Relevance

Medina argues that the testimony Schnatter seeks from her is not relevant to the breach of contract and common law claims against Laundry Service in the Kentucky Lawsuit—to which neither Medina nor Papa John's is a party. Dkt. 1, at 7. Schnatter responds that "[i]t is critical that" he have "the opportunity to depose witnesses from Papa John's who can testify about Schnatter's relationship with Papa

John's and its Board in 2018 as well as the reason Schnatter was terminated by Papa John's." Dkt. 4, at 10. At the hearing, Schnatter further explained that Medina's deposition testimony will be relevant to the causation and damages elements of his claims in the Kentucky Lawsuit because he claims that the telephone conference leak caused him to be ousted from Papa John's and led to the diminished earning capacity for which he seeks damages from Laundry Services. Dkt. 19. The Court agrees and declines to quash the deposition subpoena based on relevance.

Schnatter seeks deposition testimony from Medina regarding (1) Schnatter's commitment to diversity; (2) his relationship with the Papa John's board; and (3) the board's investigation of Schnatter in 2018 following the leak. Dkt. 15, at 3. While the Court agrees with Medina that Schnatter's commitment to diversity is not necessarily relevant to his clams against Laundry Service, it finds that Schnatter's relationship with the board of directors, and the board's investigation into him following the leak, are relevant to Schnatter's claims in the Kentucky Lawsuit because they speak to whether Schnatter was ousted from Papa John's due to the leak—which is a key allegation in the Kentucky Lawsuit. See Dkt. 1-5, at 11-12, 16 ("Defendants' intentional and improper interference in recording and leaking the call to Forbes prevented Mr. Schnatter from continuing his business relationship with Papa John's."); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) ("Relevant information encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (internal citation omitted)).

Given the "low bar for relevance" under Rule 26, the Court finds that Schnatter's business relationship with the Papa John's board of directors and the reason for its dissolution, especially in the wake of the 2018 telephone conference leak, are relevant to the Kentucky Lawsuit. *See Deitz v. Performance Food Grp., Inc.*, No. 620CV00153ADAJCM, 2021 WL 2715974, at *3 (W.D. Tex. Apr. 21, 2021) (denying motion to quash where it "passe[d] the low bar for relevance"); *see also Camoco*, 333 F.R.D. at 606 ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (internal citations removed)).

## B. Cumulative

Medina next argues that the deposition testimony sought from her is cumulative because Papa John's has already produced documents relevant to Schnatter's relationship with the board of directors, and the investigation into him following the leak, and Schnatter has already deposed four former Papa John's employees, including a former director. Dkts. 1, at 6; 15, at 4-5. Schnatter responds that Medina is "uniquely positioned to testify about the circumstances leading" to his ousting from Papa John's, and points out that "no one has been deposed who was on the Board in 2018 when the critical events occurred." Dkts. 4, at 6; 15, at 5. Schnatter emphasized during the hearing that Medina is the only board member he has sought to depose thus far who was "in the room" both as a member of the special committee

6

that investigated Schnatter, and as a board member when it decided to terminate his founder's and licensing agreement with Papa John's. *See* Dkt. 19.

Medina cites *Peairs v. State Farm Mut. Auto. Ins. Co.*, No. CV 20-652-SDD-RLB, 2021 WL 5371553, at *6 (M.D. La. Nov. 17, 2021), in support of her argument that the subpoena should be quashed because "any deposition of Ms. Medina on the same issues as those propounded to Mr. Ritchie is likely to be entirely cumulative." Dkt. 1, at 6. In *Peairs*, the Court granted a motion to quash a subpoena seeking to depose a plaintiff for a second time regarding his health conditions prior to the automobile accident at issue in that lawsuit. *Peairs*, 2021 WL 5371553 at *6. There, the court found that defendant insurance company could obtain information regarding plaintiff's "pre-incident health conditions" from "more convenient, less burdensome, and less expensive sources (such as health care providers)," and was otherwise "outside of the scope permitted by Rule 26(b)(1)." *Id.*

Here, in contrast, not only has the Court already found the testimony sought from Medina to be at least in part relevant to the Kentucky Lawsuit, but it is also unclear that Schnatter could obtain the same information regarding the board of director's decision to terminate his founder's and licensing agreements with Papa John's from anyone other than a member of the board during the relevant time period.[1] *See* Dkt. 4. Unlike in *Peairs*, where defendant sought to depose plaintiff for

---

[1] Medina contends that the deposition testimony sought from her is cumulative, at least in part, because Schnatter has already taken the deposition of Steve Ritchie, a Papa John's director in 2019. See Dkt. 14, at 5-6.  Yet having reviewed Ritchie's deposition testimony, which the parties filed under seal, the Court does not find that testimony to be particularly illuminating on the topic of the board of director's actions in 2018—when the conference call was leaked and Papa John's began dissolving its relationship with Schnatter. *See* Dkt. 14-3.

a second time, here Schnatter is not seeking to depose Medina for a second time, and he has not yet deposed any member of the board of directors in 2018 during the telephone conference leak and the investigation into Schnatter following the leak. *See* Dkt. 19. Moreover, the Court notes that it is defendant Laundry Service—not Schnatter—who served a deposition subpoena on the former chair of the board of directors for Papa John's in the Kentucky Lawsuit—and, in any event, that deposition has not occurred, and is subject to an expected motion to quash in that case. *See Schnatter*, No. 3:20-cv-00003, ECF 201.

Because at this time, it is not clear that Medina's deposition would be cumulative in light of Papa John's document production, or the prior and potential depositions of other Papa John's employees, the Court declines to quash the deposition subpoena against Medina based on cumulativeness.

### C. Undue Burden

Medina finally argues that the deposition subpoena issued to her should be quashed because it poses an undue burden on her and "only serves to harass" Medina based on her involvement in "Papa John's cessation of its association" with Schnatter. Dkts. 1, at 7-8; 15, at 6 (asserting that the deposition subpoena is part of Schnatter's plan to "to gather evidence to prove his conspiracy theory and retaliate against Ms. Medina—not to pursue his claims against Laundry Service."). Schnatter responds that he has "sought to minimize" any burden on Medina by offering to take her

---

The Court thus rejects Medina's argument that the deposition testimony sought from her is cumulative on this basis, and notes that Medina has not pointed to any specific documents produced in the Kentucky Lawsuit that obviate the need for her testimony.

deposition in a location of her choosing and assuring her that the deposition will not be lengthy—along with the fact that Papa John's will be covering any legal expenses she will incur in connection with the deposition. Dkts. 4, at 8, 10-11; 15, at 6-7. Schnatter's counsel further indicated during the hearing that he would not need more than two hours of deposition testimony from Medina and would not anticipate the deposition taking longer than four hours total. *See* Dkt. 19.

Having found that the evidence Schnatter seeks from Medina is relevant and not unreasonably cumulative, the burden shifts to Medina to "show why the discovery is … unduly burdensome or oppressive, and thus should not be permitted." *Reynolds v. Cactus Drilling Co.*, LLC, No. MO15CV00101DAEDC, 2015 WL 12660110, at *2 (W.D. Tex. Dec. 21, 2015). As such, Medina must make "a particular and specific demonstration of fact [regarding the burden on her] as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Medina argued during the hearing that despite Schnatter's accommodations, and Papa John's financial support, undue burden may arise from sources other than time or money—and cited to the news articles attached to her motion regarding Schnatter's threats that a "day of reckoning will come" to those who ousted him from Papa John's, including the board of directors. Dkts. 1-10; 1-12, at 5; 19.

While the Court is sympathetic to Medina's concerns that Schnatter seeks to vindicate his reputation through her deposition testimony, it nonetheless finds Medina's evidence of retaliatory motive insufficient at this time to warrant the

quashing of the deposition notice issued to her—especially in light of Schnatter's other concessions intended to fulfill his duty under Rule 45(d) to "take reasonable steps to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(d); *Stephens v. Big Spring Herald, Inc.*, No. 1:19-CV-123-H, 2020 WL 11577890, at *3 (N.D. Tex. Aug. 19, 2020) ("deposition of limited duration and scope [would] not unduly burden" movant).

Indeed, none of the news article Medina references mention her by name, and she has not submitted any additional evidence indicating that Schnatter seeks to retaliate[2] against her specifically. And as Schnatter points out, Medina did "not tender[] any affidavit or declaration establishing" that the deposition would present an undue burden by serving as a form of retaliation against her specifically—rather than as way of obtaining evidence already found to be, at least in part, relevant to the Kentucky Lawsuit. Dkt. 4, at 9, 11 (citing *Am. Airlines, Inc. v. Delta Air Lines, Inc.*, No. 4:19-cv-01053-O, 2020 WL 8093514, at *2 (N.D. Tex. Dec. 2, 2020) ("The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." (internal citations omitted)). For all of these reasons, the Court declines to quash the deposition subpoena on the basis of undue burden.

---

[2] The Court takes seriously Medina's concerns regarding the potentially retaliatory motive to Schnatter's deposition subpoena, and reminds Schnatter that the deposition may be terminated, and sanctions imposed, if it later becomes evident that his motives in taking Medina's deposition were in fact retaliatory in nature. *See* Fed. R Civ. P 30(d)(3)*; see also Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001) ("A district court has inherent power to sanction attorneys for bad faith conduct in litigation.").

### IV. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Medina's motion to quash, Dkt.

1, is **DENIED**.

The referral of this case to the Magistrate Court should now be canceled.

Signed June 15, 2022.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE